**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JESUS LOPEZ, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 2:17-CV-202 RL |
| STATE OF INDIANA, et. al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a complaint filed by Jesus Lopez, a *pro se* prisoner, on May 1, 2017 [ECF 1]. For the reasons set forth below, the Court: (1) **DIRECTS** the Clerk to place this cause number on a blank Prisoner Complaint INND (Rev. 8/16) and send it to Jesus Lopez; (2) **GRANTS** Jesus Lopez until **September 19, 2017**, to file an amended complaint on that form; and (3) **CAUTIONS** Jesus Lopez that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Jesus Lopez, a *pro se* prisoner, filed this case pursuant to 42 U.S.C. § 1983 alleging that his vehicle was illegally searched and seized on November 16, 2016. Lopez claims that an unnamed Indiana State Police officer searched his vehicle without consent or probable cause. Instead, it was because Mr. Lopez was Hispanic.

-1-

Lopez was arrested as a result of the search of his vehicle. Lopez seeks money damages against the State of Indiana, the Indiana State Police, and the unidentified Indiana State Police officer who conducted the unlawful search.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As a threshold matter, Lopez has not identified any possible defendant. Lopez's claim can not be maintained against the State of Indiana, as it is entitled to Eleventh Amendment immunity from a money damages suit. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Nor has he plausibly alleged a claim against the Indiana State Police. Lopez sues the ISP based on it being the unknown officer's employer. However, a municipal entity cannot be held liable based solely on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v.*

*Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, even if an individual officer had violated Lopez's constitutional rights, ISP could not be held liable solely because it was that officer's employer. And, finally, Lopez apparently does not know the identity of the officer who unlawfully searched his vehicle. As a practical matter, his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). In his amended complaint, Lopez must include any information he can provide that may assist in identifying the officer, including a physical description or badge number.

As to the search itself, the Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. Amend. IV. Although Lopez claims there was no reason for his vehicle to be searched, he does not say what was searched for or what (if anything) was found. He does not say whether the search occurred while he was within reaching distance of the car. He does not explain why he believes that the search was not related to the crime(s) of his arrest. He should address these deficiencies in his amended complaint.

Finally, it is unclear whether this issue was previously litigated in his underlying criminal case. A "plaintiff can be collaterally estopped from relitigating fourth amendment claims that were lost at a criminal suppression hearing." *Harris v. Huston*, 553 Fed. Appx. 630, 631 (7th Cir. 2014); *see also Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009) ("Had the case terminated with a final judgment of conviction, the denial of Best's suppression motion would have preclusive effect."). In his amended complaint, Lopez must explain whether this issue was raised, or is being raised, in his state criminal case.

As written, the complaint does not plausibly state a claim. However, Lopez may file an amended complaint if he believes that he can allege facts which do state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, Lopez should be sure to address the deficiencies noted in this order. He should explain in his own words what happened, when it happened, where it happened, and how he was personally injured by the conditions he describes, providing as much detail as possible.

CONCLUSION

For the reasons set forth above, the Court: (1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint INND (Rev. 8/16) and send it to Jesus Lopez; (2) **GRANTS** Jesus Lopez until **September 19, 2017**, to file an amended complaint on that

form; and (3) **CAUTIONS** Jesus Lopez that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A.

**DATED: August 8, 2017**              /s/ RUDY LOZANO, Judge
                                       **United States District Court**